IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

v.                                       No. CV 12-0685 JH/LAM
                                                      CR 09-0871 JH

**JOHN LERMA,**

      **Defendant/Movant.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Defendant/Movant (hereinafter "Defendant") John Lerma's Section 2255 motion [*Doc. 1*][2] and memorandum of law in support of his motion [*Doc. 3*], filed on June 25, 2012. Plaintiff/Respondent (hereinafter "the Government") filed a response [*Doc. 6*] to the motion on July 20, 2012, and Defendant filed a reply to the Government's response on August 1, 2012 [*Doc. 10*].

United States District Judge Judith Herrera referred the claims raised in the motion to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 7*]. Having considered the parties' submissions, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-09-871, the undersigned

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-12-0685, and all page number references are to the electronic page numbers listed in the PDF header at the top of the document in the CM-ECF docket.

recommends, for the reasons set forth below, that the claims raised in Defendant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)* be **DENIED** and that Case No. CIV-12-0685 be **DISMISSED with prejudice**.

Defendant claims that both his trial and appellate counsel were ineffective by failing to adequately challenge whether Defendant had dominion and control over, and thereby possession of, the weapon for which he was convicted. [*Doc. 1* at 5] and [*Doc. 3* at 6-10].

## Factual and Procedural Background

As set forth in the Tenth Circuit's opinion on Defendant's direct appeal of his conviction, on February 24, 2009, Defendant was driving a vehicle when Officer Pelot attempted to stop him, suspecting that he might be drunk. *United States v. Lerma*, No. 10-2018, 427 Fed. Appx. 673, 674, 2011 WL 2559019 (10th Cir. June 29, 2011) (unpublished). Officer Pelot testified at the trial that Defendant and the vehicle's passenger exited the vehicle, the passenger fled over a nearby wall, Defendant refused Officer Pelot's order to lie down and show his hands, and, instead, Defendant placed his hands on the front of his pants and then ran toward the wall. *Id.* Officer Pelot testified that he saw Defendant throw two objects over the wall and then attempted to climb it. *Id.* Officer Pelot stopped Defendant, took him into custody, and found a set of keys and a gun on the other side of the wall where Defendant had attempted to go over. *Id.*

On April 9, 2009, Defendant was charged by indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [*Doc. 2*, filed in Case No. CR-09-871]. A trial was held on September 8 and 9, 2009, and the jury found Defendant guilty of the charge in the indictment. [*Doc. 54*, filed in Case No. CR-09-871]. On January 21, 2010, Defendant was committed to the custody of the United States Bureau of Prisons for a total

term of 92 months. [*Doc. 71*, filed in Case No. CR-09-871, at 2]. Also on January 21, 2010, Defendant appealed his conviction. [*Doc. 70*, filed in Case No. CR-09-871]. On June 29, 2011, the Tenth Circuit Court of Appeals denied Defendant's appeal and affirmed his conviction. *Lerma*, 427 Fed. Appx. at 675. The Tenth Circuit rejected Defendant's claim that the evidence was insufficient to support his conviction, finding that the evidence was sufficient to prove beyond a reasonable doubt that Defendant knowingly possessed the loaded revolver. *Id.*

Defendant filed his § 2255 motion on June 25, 2012. [*Doc. 1*]. The Court reviews Defendant's *pro se* pleadings under a liberal standard. *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007). However, the Court may not act as his advocate in this proceeding. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Discussion

In his motion, Defendant claims that his trial and appellate counsel were ineffective because "they failed to represent [Defendant] zealously against the statute[']s prerequisite elements -- to sustain a conviction in Count 1 (i.e.[,] dominion or control of a weapon)." [*Doc. 1* at 5]. Defendant contends that he was not in control or possession of the weapon, and that his counsel was ineffective for failing to challenge the "[n]exus between [the] traffic stop and [the] weapon found outside [the] vehicle," and for failing to challenge whether Defendant "had constructive possession/dominion [or] control over [the gun]." [*Doc. 3* at 6-7]. In addition, in a footnote, Defendant contends that his counsel was ineffective for failing to request excupatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) in the form of the police car's dash camera video and finger printing of the gun and ammunition. *Id.* at 9, n.10. As relief, Defendant asks the Court to reverse and vacate his conviction. *Id.* at 10.

In response, the Government states that Defendant's trial counsel did challenge the issue of whether Defendant was in possession of the weapon, and even produced a witness who testified that he, not Defendant, possessed the weapon. [*Doc. 6* at 5]. The Government also contends that Defendant's appellate counsel raised this issue on appeal, framing it as a sufficiency-of-the-evidence argument. *Id.* at 5-6. In response to Defendant's claim that his counsel should have sought certain pieces of evidence, the Government states that Defendant fails to show how the evidence Defendant thinks his counsel should have requested would have been exculpatory. *Id.* at 6-7. Finally, the Government states that its case relied on actual possession of the weapon, not constructive possession, so there was no error in failing to challenge Defendant's constructive possession of the weapon. *Id.* at 7-8.

In his reply, Defendant contends that his counsel should have sought the video camera evidence because, if it existed, it would have shown Defendant's hands in his air, not at the front of his pants as the officer testified at trial. [*Doc. 10* at 4-5]. Defendant contends that his counsel should have sought the fingerprint evidence because it would have shown that he did not handle the weapon or ammunition. *Id.* at 5. Defendant concedes that his counsel's failure to challenge Defendant's constructive possession of the weapon would have been frivolous. *Id.* at 6.

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim under the *Strickland* standard, Defendant must show that (a) his attorney's performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance. *Id.* at 687. Both showings must be made to satisfy the *Strickland* standard. *Id*. To demonstrate unreasonable

performance, Defendant must show that his attorney made errors so serious that his performance could not be considered "reasonable[] under prevailing professional norms." *Id.* at 688. To demonstrate prejudice, Defendant must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors. *Id.* at 694. The Court does not have to address both prongs of the *Strickland* standard if Defendant makes an insufficient showing on one of the prongs. *Id.* at 697.

The Court finds that Defendant's claims fail because: (1) his trial and appellate counsel adequately challenged Defendant's possession of the weapon; and (2) Defendant fails to show how the evidence he contends his counsel should have sought would have affected the result of the proceeding. Defendant's trial counsel argued that Defendant was not in possession of the weapon. *See* [*Doc. 61*, Transcript of Trial Proceedings, Vol. I, at 21] (opening statement by defense counsel regarding Defendant's possession of the gun); *id.* at 173, 187-89 (testimony of witness, Chris Perea, called by defense counsel, that Mr. Perea possessed the gun, not Defendant); and [*Doc. 63*, Transcript of Trial Proceedings, Vol. II, at 69-79] (closing statements by defense counsel regarding Defendant's possession of the gun). Defendant's appellate counsel also argued that Defendant was not in possession of the weapon. *See* Opening Brief of Defendant-Appellant, No. 10-2018, 2010 WL 2648079, at *13-14 (June 23, 2010) (arguing that the only evidence that could link Defendant to the weapon is the testimony of Officer Pelot, which was insufficient to show that Defendant was in possession of the gun). Defendant's contention that his counsel should have challenged the "nexus" between him and the gun is without merit, because his trial counsel and

appellate counsel both argued that issue at trial and on appeal. The Court, therefore, finds that this claim should be dismissed.

The Court also rejects Defendant's contention that his counsel should have sought the video camera from the officer's car, and should have sought fingerprints from the gun, because Defendant fails to show how either the video camera or fingerprint evidence would have altered the outcome of his case. First, the Court notes that Defendant does not make a showing that either a video camera or fingerprints from the gun or ammunition exist, so this claim is merely speculative. *See* [*Doc. 61* at 89-90] (Officer Pelot's testimony that the gun was never fingerprinted because the amount of dust and dirt would have probably made it impossible to find fingerprints on it). Therefore, this claim fails to meet the requirements of the second *Strickland* prong for a showing of prejudice and is insufficient to establish ineffective assistance of counsel. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). In addition, while Defendant states that the video camera evidence would show that Defendant's hands were in the air, not in front of his pants as Officer Pelot testified, this does not indicate that the outcome of the case would have been any different, since Officer Pelot testified that he saw Defendant throw two objects over the wall and that the gun and the keys were found in the area where Defendant was attempting to climb over the wall. [*Doc. 61* at 56-57 and 59]. Defendant's statement that the fingerprint evidence would have shown that he did not handle the weapon or ammunition is also unavailing because a lack of fingerprints on the gun would not have conclusively shown that Defendant had not handled it, and the jury could have come to the same conclusion as it did that Defendant possessed the gun. *See United States v. Manriquez-Rodriguez*, No. 98-2203, 1999 WL 345505, at *5 (10th Cir. June 1, 1999) (unpublished) ("To satisfy the prejudice prong of the *Strickland* test for ineffective assistance of counsel, a

defendant must specifically show what beneficial evidence an adequate investigation would have produced.  Simply speculating that [an] investigation might have resulted in something useful will not suffice.") (internal citation and quotation marks omitted).  For these reasons, this claim has no merit and should be dismissed.

Finally, the Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief.  The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Therefore, no evidentiary hearing will be held.

### Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)* be **DENIED**, and that Case No. CIV-12-0685 be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**