IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                                                      No. CV 12-0685 JH/LAM
                                                                                            CR 09-0871 JH
JOHN LERMA,

        Defendant/Movant.

# AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 12)* (hereinafter "PF&RD"), filed on December 7, 2012. After the time period for filing objections had passed, and with no objections having been filed, this case was closed on January 17, 2013, when the presiding District Judge adopted the PF&RD, entered the Judgment in favor of Plaintiff/Respondent, and denied Defendant/Movant a certificate of appealability. *See* [*Docs. 14, 15,* and *16*]. On February 19, 2013, Defendant/Movant filed a motion for leave to file objections to the PF&RD, stating that he did not receive the PF&RD because he was in transit from one facility to another when it was sent to him. [*Doc. 17*]. The motion was granted on February 22, 2013 (*Doc. 18*), and, on March 13, 2013, the Court granted Defendant/Movant's request for a thirty-day extension of time to file objections (*see Docs. 19* and *20*). On April 12, 2013, Defendant/Movant filed his objections to the PF&RD [*Doc. 22*], as well as a motion to amend his § 2255 motion [*Doc. 21*]. The Government did not file any objections to the PF&RD, nor did it respond to either Defendant/Movant's objections or motion to amend, and the deadlines for doing so have passed. The Court has conducted a *de novo* review

of those portions of the PF&RD to which Defendant/Movant objects and finds that his objections are without merit.  The Court also finds that Defendant/Movant's motion to amend his § 2255 motion is without merit.  Accordingly, the Court will: (1) overrule Defendant/Movant's objections as meritless; (2) deny Defendant/Movant's motion to amend his § 2255 motion [*Doc. 21*]; (3) adopt the ***Proposed Findings and Recommended Disposition*** *(Doc. 12)*; (4) deny Mr. Lerma's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** *(Doc. 1)*; and (5) dismiss this case with prejudice.

As explained in the PF&RD, Defendant/Movant was found guilty after a jury trial for being a felon in possession of a firearm and ammunition.  [*Doc. 12* at 2].  In his § 2255 motion, Defendant/Movant claims that his trial and appellate counsel were ineffective because they failed to challenge whether Defendant/Movant was not in control or possession of the weapon, and for failing to request the police car's dash camera video and finger printing of the gun and ammunition to use as exculpatory evidence.  [*Doc. 3* at 6-7 and 9 n.10].  The Magistrate Judge found that Defendant/Movant's ineffective assistance of counsel claims were without merit and recommended dismissing Defendant/Movant's § 2255 motion.  [*Doc. 12*].  In his objections, Defendant/Movant contends that: (1) the Government withheld and suppressed exculpatory evidence, in violation of Defendant/Movant's due process rights; (2) Defendant/Movant's counsel was ineffective for not having the firearm fingerprinted; and (3) Defendant/Movant did not actually possess the firearm, so his conviction should be overturned.  [*Doc. 22* at 1-3].

With regard to Defendant/Movant's first objection, this contention was not raised before the Magistrate Judge, so it is deemed waived.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  While in his § 2255 motion, Defendant/Movant contended

in a footnote that his counsel was ineffective for failing to request exculpatory evidence in the form of the police car's dash camera video and finger printing of the gun and ammunition, and cited to *Brady v. Maryland*, 373 U.S. 83 (1963) (*see Doc. 3* at 9, n.10), this is different from the claim Defendant/Movant now raises in his objections that the Government withheld allegedly exculpatory evidence (*see Doc. 22* at 1-2). *See, e.g., Cappelli v. Ortiz*, No. 07-1231, 310 Fed. Appx. 265, 269 n.2, 2009 WL 256406 (10th Cir. Feb. 4, 2009) (unpublished) (explaining that the defendant could have brought claims based on failure to produce exculpatory evidence under *Brady*, and/or for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), indicating that these would be different claims). Since this is a claim not raised before the Magistrate Judge, it will not be considered now.

With regard to Defendant/Movant's second objection, the Court agrees with the Magistrate Judge's finding that Defendant/Movant's counsel was not ineffective for failing to have the gun fingerprinted. As explained in the PF&RD, Defendant does not make a showing that fingerprints from the gun exist, so this claim is speculative. *See* [*Doc. 12* at 6] (citing *Doc. 61* at 89-90 (Officer Pelot's testimony that the gun was never fingerprinted because the amount of dust and dirt would have probably made it impossible to find fingerprints on it)). In addition, the Magistrate Judge rejected Defendant/Movant's contention that fingerprint evidence would have shown that he did not handle the weapon because a lack of fingerprints on the gun would not have conclusively shown that Defendant/Movant had not handled it, and the jury could have come to the same conclusion as it did that Defendant/Movant possessed the gun. *Id.* (citing *United States v. Manriquez-Rodriguez*, No. 98-2203, 182 F.3d 934, 1999 WL 345505, at *5 (10th Cir. June 1, 1999) (unpublished) ("To satisfy the prejudice prong of the *Strickland* test for ineffective assistance of counsel, a defendant must specifically show what beneficial evidence an adequate investigation

3

would have produced. Simply speculating that [an] investigation might have resulted in something useful will not suffice.") (internal citation and quotation marks omitted)).  The Court agrees with the Magistrate Judge that this claim fails to meet the requirements of the second *Strickland* prong for a showing of prejudice and is insufficient to establish ineffective assistance of counsel, and, therefore, overrules this objection.

With regard to Defendant/Movant's third objection, Defendant/Movant contended in his § 2255 motion that his counsel was ineffective for failing to challenge Defendant/Movant's control over the gun, which the Magistrate Judge found was without merit because Defendant/Movant's trial and appellate counsel both argued that Defendant/Movant was not in possession of the weapon. [*Doc. 12* at 4-5] (citing *Doc. 61*, Transcript of Trial Proceedings, Vol. I, at 21 (opening statement by defense counsel regarding Defendant's lack of possession of the gun); *id.* at 173, 187-89 (testimony of witness, Chris Perea, called by defense counsel, that Mr. Perea possessed the gun, not Defendant/Movant); *Doc. 63*, Transcript of Trial Proceedings, Vol. II, at 69-79 (closing statements by defense counsel regarding Defendant/Movant's lack of possession of the gun); and Opening Brief of Defendant-Appellant, No. 10-2018, 2010 WL 2648079, at *13-14 (June 23, 2010) (arguing that the only evidence that could link Defendant/Movant to the weapon is the testimony of Officer Pelot, which was insufficient to show that Defendant/Movant was in possession of the gun, and contrasting the direct testimony from Chris Perea that Defendant/Movant never possessed the gun)).  To the extent Defendant/Movant is making this same contention in his objection, the Court agrees with the Magistrate Judge's findings and also finds that this objection is without merit.  To the extent Defendant/Movant contends that there was not sufficient evidence to convict him, that contention was not raised before the Magistrate Judge, so it is deemed waived. *See Garfinkle*, 261 F.3d at 1031 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are

deemed waived."). However, the Court notes that in Defendant/Movant's direct appeal of his conviction, the Tenth Circuit rejected his claim that the evidence was insufficient to support his conviction, finding that "the evidence was sufficient to prove beyond a reasonable doubt that [Defendant/Movant] knowingly possessed the loaded revolver." *United States v. Lerma*, No. 10-2018, 427 Fed. Appx. 673, 674-75, 2011 WL 2559019 (10th Cir. June 29, 2011) (unpublished).

Finally, in Defendant/Movant's motion to amend his § 2255 motion, Defendant/Movant appears to seek to add the contentions included on pages 6 through 12 therein to his amended § 2255 motion. These are the same contentions that form the basis of the three objections Defendant/Movant made to the PF&RD. *See* [*Doc. 21* at 1 and 6-12]. The Court has already found that these contentions are without merit, and Defendant/Movant fails to explain why his § 2255 motion should be amended so late in these proceedings. The Court, therefore, finds that this motion should be denied.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Defendant/Movant's objections to the PF&RD [*Doc. 22*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant/Movant's motion to amend his § 2255 motion [*Doc. 21*] is **DENIED**.

**IT IS FURTHER ORDERED** that the *Proposed Findings and Recommended Disposition (Doc. 12)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Defendant/Movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)* is **DENIED**.

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**HONORABLE JUDITH C. HERRERA**
**UNITED STATES DISTRICT JUDGE**